## WHEELING & LAKE ERIE RAILROAD CO. v. FRED SUHRWIAR.

1. VERDICT NOT DISTURBED WHEN TESTIMONY CONFLICTING.

Where the testimony in a case is conflicting the verdict of the jury will not be disturbed, unless manifestly against the weight of the evidence.

2. VERDICT—WHEN NOT EXCESSIVE.

A verdict of $5,000, in a personal injury action, is not excessive. where the injuries consisted of a broken leg, from which plaintiff will recover, and the leg be substantially strong again, although somewhat defective, and an injured spine, the effects of which will be to permanently affect plaintiff's ability to work at his trade of carpenter, from which, before the accident, he earned $2.50 per day.

ERROR to the Court of Common Pleas of Lucas county.

HAYNES, J.

Owing to the lateness of the hour, there will not be time in this case to render a lengthy opinion. It is an action for a personal injury which occurred in this city, on Buckeye street, and was occasioned by an engine of the plaintiff company which was at the time being backed across the Maumee river on the Wheeling & Lake Erie road to its depot on Cherry street. The accident occurred a little before six o'clock in the morning. The plaintiff, with his brother, was riding upon a wagon, going to work, and was crossing the railroad track aforesaid, on Buckeye street. There the engine collided with the wagon and the plaintiff received his injury. The plaintiff was practically a passenger of his brother; he seems to have been upon the road and his brother overtook him and asked him to ride with him.

The evidence in the case is quite meager, there being but very little of it. It is alleged that the railroad company's engineer on the locomotive was running at a very rapid rate of speed, without any lookout, without whistling and without ringing any bell. The engineer, or the fireman, did not testify in the case, and there were no reasons given why they did not testify. The testimony on behalf of the plaintiff consists mainly of that of the plaintiff himself and his brother; and they testified that upon approaching this crossing they were looking out intently to see if there was any train coming. They were both accustomed to pass that crossing and knew that the locomotive came down about that time in the morning and returned with a train, coming out about six o'clock. There were obstructions on the easterly side of Buckeye street consisting of buildings and fences, and there was a side track also with cars on it; I think they claimed that there were two or three a little below, and some bushes and some weeds, that it is claimed might obstruct the vision of parties on a wagon. At any rate, they testified that they were on the lookout and did not hear or see anything of the locomotive until it was upon them.

It is urged that we ought to discard their testimony, because it is said that the track at this point was open to the view for some little distance easterly from that point; that the road bent and curved a little,

which made a rather longer view. We are unable to say and we ought not to say, from the condition that this evidence is in, that these people could have seen that locomotive for some distance and in time enough to have escaped it, and we cannot say that these persons were not stating the truth when they say that they did look and did not see the locomotive. If the locomotive could have been seen there seems to have been some reason why they did not see it, and there were obstructions which might have prevented it. The plaintiff calls another witness, who does not cast much light upon the subject one way or the other; he saw the train coming and he speaks of some of these obstructions.

The defendant called a witness who states that he was very near the crossing at the time the accident occurred. He says he saw the wagon coming and the two persons upon it with their faces towards the southeast; that they were very busily talking together and he noticed that the lines were loose; that he called and shouted to them, but they did not hear and they came upon the track and the engine hit them. He seems to be a fair witness, and the plaintiff seems to be a fair witness, and they both seem to be very anxious to tell the truth, but they contradict each other very materially. Under this state of fact, of course under the rules of law, the jury having seen those witnesses and heard them testify, we cannot say and we ought not to say from the testimony itself that either of these parties was stating that which is not true, but there are very serious differences between them and there can be no question but that one of them is very seriously mistaken; it is sufficient that the jury have undertaken to give weight to one or the other and we cannot say and we ought not to say that either one of them is incorrect. If the testimony was manifestly upon one side and manifestly outweighed the other testimony, that would invoke a different rule, but under the facts of this case, this court ought not to interfere to settle that.

It is said that this verdict was too large. The amount returned was $5,000. The plaintiff had a broken leg. After the leg was set and as soon as he could get out he commenced a suit, so that the time that the case was tried was but a very little while after the accident had occurred and the plaintiff's limb had not yet healed; he was not fully recovered. The physician who attended him, Dr. Wright, says, that he thinks his limb will recover and that it will be substantially a strong limb, though there may be some defects in it. The doctor also states that he was injured in the back, that his spine was injured, and he details the effects that occur from an injury to the spine in the form of paralysis, and he has indicated also that he had great difficulty at the time about urinating. He says further, that in his judgment it will affect him always, more or less; that is to say, that this effect will be permanent, but how extensively he cannot state, but that it will materially affect his ability to labor.

The plaintiff is a carpenter and was earning perhaps $2.50 a day at the time of the accident.

There can be only one recovery in this case, and that recovery must be for the whole injury. We must, of course, take the testimony of these witnesses as to the future, upon their opinions, based upon their knowledge. There was this one physician who testified; no other was called and no attempt was made to have any other physician examine him, and we must take it that the jury found that there was a permanent injury to this plaintiff—a permanent injury to him in the spine, that was liable to and probably would affect him for the remainder of his life. If the

Railroad Co. v. Suhrwiar.

case was one where the physician had said that possibly it *might*, we would have paid but very little attention to it. This case must be tried, of course upon the probabilities and the weight of the evidence, which the Supreme Court has said is a question of probabilities. It is very probable from the testimony of the physician that he will always remain injured and will not wholly recover from this injury. In that view of the case, we are not able to say that the verdict of five thousand dollars was based upon passion or prejudice or a misconception of the case or based on no evidence whatever. On the contrary, while the verdict may be large, it may be no more than will be sufficient to recompense the plaintiff for the actual injury he has sustained; and, therefore, under the facts of the case and the evidence presented to us, which was meagre, as I have said, and affords us very little light on the case, and that in favor of the plaintiff, the judgment of the court of common pleas will be affirmed and cause certified for the filing of a petition in error.

*Doyle & Lewis*, for plaintiff in error.

*Seney & Johnson*, for defendant in error.